```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

UNITED STATES OF AMERICA,       )
                                )
     Plaintiff,                 )   Criminal Action No.
                                )      5:07-153-JMH-JGW
v.                              )   (Civil Action No. 09-7071-JMH-
                                )               JGW)
ENRIQUE ROSALES AREVALO,        )
                                )
     Defendant.                 )   **MEMORANDUM OPINION AND ORDER**

                    **      **      **      **      **

This matter is before the Court on the Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 67]. Said action was referred to the magistrate for the purpose of reviewing the merit of Rosales-Arevalo's Motion to Vacate and Set Aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 55], together with a supplemental motion [Record No. 57], in which he seeks to have his sentence set aside on the grounds that he received ineffective assistance of counsel in violation of the Sixth Amendment due to his attorney's "failure" to file a direct appeal or an *Anders* brief at his request and on the grounds that the Government breached ¶ 8 of his plea agreement by failing to file a motion for downward departure pursuant to U.S.S.G. 5K1.1. Defendant Rosales-Arevalo has now filed his Objections [DE 74], and this Court shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge." 28 U.S.C. § 636.

**I. Motion to Vacate and Set Aside Sentence Pursuant to 28 U.S.C. § 2255**

In conducting an initial review of the matter, the Magistrate Judge concluded that Defendant Rosales-Arevalo's Motion to Vacate and Set Aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 55], together with a supplemental motion [Record No. 57], was without merit. Specifically, the Magistrate Judge concluded from the transcript of the hearing before the district court that Defendant had knowingly, intelligently, and voluntarily waived his right to collaterally attack his conviction or sentence by virtue of his plea agreement, that he understood that the decision to file a motion under U.S.S.G. 5K1.1 was solely within the discretion of the Government, and that the waiver of Rosales-Arevalo's right to appeal was enforceable and subject to no valid exception. Ultimately, the Magistrate Judge recommended a conclusion that Rosales-Arevalo's § 2255 motion is barred by an enforceable waiver of the right to file such a motion.[1]

---

[1] Further, the Magistrate Judge concluded from the transcript of the rearraignment proceedings in this matter that Defendant had been informed of "the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence" pursuant to Fed. R. Crim. P. 11(b)(1)(N). He next concluded that the waiver in Defendant's plea agreement was, as written, clear, unequivocal, and all-encompassing, with no exceptions carved out for an appeal in the event that the United States exercised its "sole discretion" not to file a substantial assistance motion. As such, the Magistrate Judge concluded that there was no merit to Defendant's arguments that the trial court failed to specifically discuss the waiver or that the waiver of the right to appeal did not encompass the governments decision to file or not to file a substantial assistance motion. Defendant has not challenged these portions of the Report & Recommendation, and the Court accepts and adopts them as its own.

In his Objections, Rosales-Arevalo argues that this Court should reject the Report and Recommendation of the Magistrate Judge and conclude that the waiver cannot be enforced in light of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)*,* "and the requirement that even if a lawyer believes the requested appeal would be frivolous, he is bound to file a notice of Appeal and submit a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." [Record No. 55 at 7.] He argues that the presumptive prejudice standard of *Flores-Ortega* should apply in cases where no appeal is filed by counsel, despite a defendant's request to file an appeal, after a defendant has knowingly and voluntarily accepted a plea in which he has waived his right to appeal. Effectively he argues that a defendant should be permitted to violate his own waiver by forcing counsel to file a notice of appeal and an *Anders* brief. Rosales-Arevalo cites the published decisions of the Second, Fourth, Fifth, Ninth, Tenth, and Eleventh Circuit Courts of Appeals and an unpublished opinion of the Sixth Circuit Court of Appeals which have applied the presumption announced in *Flores-Ortega* to cases in which there has been an express waiver of any right to appeal. See *Campusano v. United States*, 442 F.3d 770, 772-77 (2d Cir. 2006); *United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007)(holding that attorney required to file notice of appeal even when contrary to plea agreement and harmful to client's interests); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007); *Watson v. United States*, 493 F.3d 960 (8th Cir. 2007); *United States v. Sandoval-Lopez*, 409

F.3d 1193, 1195-99 (9th Cir. 2005)(reading *Flores-Ortega* as requiring appeal upon request even when contrary to waiver in plea agreement and harmful to defendant, despite "troubling" result that is "contrary to common sense"); *United States v. Garrett*, 402 F.3d 1262, 1265-67 (10th Cir. 2005); *Gomez-Diaz v. United States*, 433 F.3d 788, 791-94 (11th Cir. 2005)(applying *Flores-Ortega* in case of *partial* waiver of appeal rights); *Carrion v. United States*, 107 Fed. Appx. 545, 547 (6th Cir. 2004). Under the reasoning urged by Rosales-Arevalo, counsel would have an obligation to file a notice of appeal, in clear violation of such a plea agreement and waiver, followed by an *Anders* brief if the defendant requested that counsel do so.

The Court is not persuaded that such actions are required in light of *Flores-Ortega*. Rather, the Court holds that the complete waiver of the right to appeal or collaterally attack a conviction and sentence by Defendant Rosales-Arevalo in his plea agreement removes this case from the scope of *Flores-Ortega* or, at the very least, that Defendant's knowing and voluntary waiver of his right to appeal or collaterally attack his conviction and sentence rebuts any presumption. Simply stated, any attempt at appeal and requiring counsel to file such appeal pleadings would be futile in the face of a knowing and voluntary waiver of the right to take an appeal by the defendant. Requiring counsel to file a notice of appeal or an *Anders* brief in the face of such a waiver would be

nonsensical. Such a requirement would also create an infallible rule out of the holding in *Flores-Ortega* that both defies logic and depends on a scenario which was not before the Court in that case. In reaching this conclusion, the Court finds itself in good, if somewhat limited, company. See *United States v. Mabry*, 536 F.3d 231 (3rd Cir. 2008); *Nunez v. United States,* 546 F.3d 450, 454-455 (7th Cir. 2008)(citation omitted); *see also Wright v. United States*, 320 Fed App'x 421, 2009 WL 937702 (6th Cir. April 8, 2009). Several district courts within the Sixth Circuit, including this one, have obtained the same result. *See, e.g.*, *United States v. McCormick*, 2008 WL 5110574 (E.D. Mich. Dec. 2, 2008); *United States v. Walls*, Covington Crim. Action No. 05-92-WOB-JGW (Doc. 79, Report and Recommendation of 3/13/08 adopted on 4/4/08); *see also U.S. v. Taylor*, London Crim. Action No. 6:07-12-DCR,2008 WL 482873 (Nov. 5, 2008).

Although the Court holds that *Flores-Ortega* does not apply given Defendant's knowing and voluntary waiver of the right to appeal, even if the Court had concluded that *Flores-Ortega* applied, Defendant's § 2255 motion would still be denied. Defendant states that he "told counsel to appeal but he stated that I had waived my appeal rights." [Record No. 55-4, ¶¶ 9-10.] Mr. Arevalo also states in his § 2255 Motion and affidavit that he asked his wife to call his attorney to file the appeal and that his wife was told by counsel that Arevalo could file an appeal himself when he arrived

at the prison.  Assuming that Defendant directly told his counsel to appeal as stated above, there is no indication that Defendant persisted in his direct inquiry to his attorney – assuming it was made – after the waiver was explained to him or even that his request was made prior to the expiration of the time for filing an appeal.  Further, there is no affidavit from Defendant's wife to confirm that she actually did communicate such a request to file an appeal to Defendant's counsel.  The only affidavit in the record which addresses what communications were actually made to counsel is that of counsel in which he indicates that neither Defendant nor any member of Defendant's family ever contacted counsel about filing an appeal.  Assuming facts favorable to Defendant with respect to this dispute, the Court assumes that Defendant asked counsel to file an appeal but, having been informed that the right to appeal had been waived, did not persist in asking his counsel to file an appeal.  The Court further assumes that Defendant asked his wife to contact his counsel and request that counsel file an appeal but concludes, based on the only evidence in the record, that his request was never communicated by his wife to his attorney.

The Court agrees with the Magistrate Judge's alternative analysis of this situation:

> Where counsel receives no actual notice that the defendant wishes to appeal, and where counsel was aware of the defendant's express and complete waiver of *all* appeal rights, the defendant's desire to plead guilty, and the lack of any non-frivolous grounds for appeal,

> it [would not be] *Strickland* error for counsel to fail to consult with his client concerning an appeal immediately following the entry of judgment. On the facts presented, counsel [would not have] violate[d] *Flores-Ortega* by failing to advise the defendant concerning his appeal rights post-judgment, because no rational defendant would have desired an appeal. *Accord Parsons v. United States*, 505 F.3d 797 (8th Cir. 2007) (affirming denial of *Flores-Ortega* claim in light of credible testimony by counsel that he did not hear defendant's oral request to appeal, in light of waiver of appeal rights in guilty plea).

[Record No. 67 at 15.] Consequently, Defendant's objections notwithstanding, his *Strickland* claim would fail, even if the Court accepted that *Flores-Ortega* would apply in this instance.

Ultimately, the Court adopts the reasoning set forth in the Report and Recommendation with respect to these issues as its own and shall deny and dismiss his Motion to Vacate and Set Aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 55]. Defendant's § 2255 motion is barred by his enforceable waiver of his right to file such a motion for the reasons set forth above and as articulated in artful detail by the Magistrate Judge in his Report and Recommendation.

**II. Certificate of Appealability**

The Court also considers whether a certificate of appealability should issue in this matter. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue,

Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003).

Having carefully considered the matter, this Court concludes that, although the decision reached above seems clear and incontrovertible to the undersigned, jurists in this and other jurisdictions have reached conclusions on this issue which indicate that some might find in Rosales-Arevalo's favor. Considering the present debatability of the underlying federal constitutional claim, a certificate of appealability shall issue. The certificate of appealability is limited the issue of whether the holding of *Flores-Ortega* extends a presumption of prejudice, for the purposes of evaluating an ineffective assistance of counsel claim, when an attorney does not file a direct appeal or an *Anders* brief at the request of a defendant following that defendant's knowing and voluntary waiver of the right to appeal his conviction and sentence.

Accordingly, **IT IS ORDERED:**

(1) that the Report and Recommendation of Magistrate Judge J. Gregory Wehrman [Record No. 67] shall be, and the same hereby is, **ACCEPTED** and **ADOPTED**;

(2) that Rosales-Arevalo's Motion to Vacate and Set Aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 55] shall be, and

the same hereby is, **DENIED**; and

(3) that a certificate of appealability shall issue as set forth above.

This is the 22nd day of December, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge